| AUSA: | Matthew Roth | Telephone: (313) 226-9186 |
|---|---|---|
| Special Agent: | Kevin Rambus, A.T.F. | Telephone: (313) 234-3450 |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

## Eastern District of Michigan

United States of America
   v.

**Samuel Williams Nelson**

Case No.

Case: 2:21−mj−30111
Assigned To : Unassigned
Assign. Date : 3/10/2021
USA V. NELSON (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 8, 2021 _____ in the county of _____ Wayne _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_Complainant's signature_

Special Agent Kevin Rambus, A.T.F.
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __March 10, 2021__

City and state: __Detroit, Michigan__

_Judge's signature_

Hon. R. Steven Whalen, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Kevin Rambus, being duly sworn, do hereby state the following:

### I.    INTRODUCTION

1.    I am a Special Agent, with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) United States Department of Justice, and have been so employed since September of 2018. I am currently assigned to the Detroit Field Division. I completed twenty-six weeks of training, which was comprised of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. I received extensive training on firearms identification, common scenarios involving firearms and narcotics trafficking, and identification and effects of controlled substances. Additionally, I received training on undercover investigations related to firearms and narcotics trafficking, which included investigative techniques and common subject behavior.

2.    Prior to becoming a Special Agent with ATF, I was a police officer for the Southfield Police Department and worked street investigations for two years. Prior to working for the Southfield Police Department, I worked at the Detroit Police Department (DPD) for eight years. I was a member of the DPD Special Response Team where we conducted high risk search warrants, dealt with barricaded gunman situations, and instructed various trainings to the entire Police Department.

3.     The statements contained in this affidavit are based, in part, on my review of written police reports by the Canton Police Department. This affidavit also includes information provided to me by and/or through other law enforcement agents, investigators and individuals with knowledge of this matter, my investigation, and the review of other documents.

4.     This affidavit does not include all of the information known to law enforcement regarding this investigation. This affidavit only establishes probable cause that Samuel Williams NELSON (B/M/DOB: XX/XX/1985) violated 18 U.S.C. §922(g)(1), felon in possession of a firearm.

## II.     PROBABLE CAUSE

5.     On January 8, 2021, Canton Police Officers were on routine patrol in a fully marked police car traveling around Ford and North Beck Road in Canton, Michigan, Eastern District of Michigan. Officers were dispatched for a suspected intoxicated driver in a tan Honda Accord with an Illinois license plate. The tan Honda was observed by an off-duty Southfield Police Officer driving erratically and having difficulty staying within the traffic lane.

6.     Lieutenant Andes of CPD located the tan Honda. The vehicle was stopped in the left-hand turn lane at Canton Center Street. The traffic signal was a green left turn arrow. Nevertheless, the driver sat through the light's entire cycle without turning left.

When the traffic light returned to green, the Honda drove straight, cutting over into the

through lanes. The driver did not turn left, as required, from the left turn lane.

7.      Lt. Andes executed a traffic stop for moving violations and suspicion of

operating a vehicle while under the influence (OUIL). Lt. Andes spoke with the driver,

Samuel Williams NELSON. NELSON had a paper copy of a temporary Michigan

Driver's License. While talking to NELSON, Lt. Andes observed glassy eyes, slow and

lethargic movements when retrieving his documents, and delayed speech when reacting

to questions asked. Lt. Andes' observations led him to suspect NELSON was under the

influence of alcohol or a controlled substance.

8.      Police Officer (PO) Porter arrived on the scene to assist Lt. Andes with the

traffic stop and to conduct an OUIL investigation. Once PO Porter completed his OUIL

investigation, NELSON was placed under arrest without incident for OUIL.

9.      An inventory search of NELSON's vehicle resulted in the seizure of a

firearm located underneath the front passenger seat. The firearm was not in a holster and

was loaded and cocked with one round in the chamber. The handgun was a black and

silver Walther, Model: P22, caliber .22 millimeter.

10.     Per LEIN (Law Enforcement Information Network) NELSON did not have a

valid concealed pistol license (CPL).

11.     Once at the police department, NELSON was advised of his Miranda Rights,

waived his rights, and agreed to answer questions. NELSON denied knowledge of the

3

pistol recovered from his vehicle and said he was a convicted felon and not allowed to own a pistol. NELSON then made the following statement "I'm the only one in the car right? The car is in my name right? The gun was found in my car right? I'm under arrest right?" Thereafter, he indicated he no longer wanted to talk.

12.    A computerized criminal history check was conducted for NELSON. NELSON has the following state felony conviction:  2003 – felony-controlled substance - possess (cocaine, heroin, or another narcotic) less than 25 grams.

13.    A federal Presentence Investigation Report revealed the following federal felony convictions for NELSON from 2011:

      a.    manufacture of marijuana and possession with intent to manufacture marijuana;

      b.    possessing a firearm in furtherance of a drug trafficking crime;

      c.    felon in possession of a firearm;

      d.    felon in possession of ammunition; and

      e.    possession of firearm with an obliterated serial number.

14.    Probable cause exists that NELSON was aware he was a felon because he was sentenced to ten years in prison for his federal cases. Further, NELSON was on active supervised release with the United States Probation Department, Eastern District of Michigan, on January 8, 2021.

15.     On March 5, 2021, Special Agent Michael Jacobs advised me, based on a verbal description and without physically examining the firearm, that the firearm was manufactured outside the state of Michigan and therefore had traveled through interstate and/or foreign commerce.

## III.   CONCLUSION

16.     Based on the above information, probable cause exists to believe Samuel Williams NELSON, knowing that he was previously convicted of a felony, was in possession of the above described firearm, in violation of Title 18 U.S.C. § 922(g)(1).

Kevin Rambus
Special Agent, ATF

Sworn to before me and signed in my presence
and/or by reliable means.

March 10, 2021

HON. R. Steven Whalen
UNITED STATES MAGISTRATE JUDGE

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Kevin Rambus, being duly sworn, do hereby state the following:

### I.    INTRODUCTION

1.    I am a Special Agent, with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) United States Department of Justice, and have been so employed since September of 2018. I am currently assigned to the Detroit Field Division. I completed twenty-six weeks of training, which was comprised of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. I received extensive training on firearms identification, common scenarios involving firearms and narcotics trafficking, and identification and effects of controlled substances. Additionally, I received training on undercover investigations related to firearms and narcotics trafficking, which included investigative techniques and common subject behavior.

2.    Prior to becoming a Special Agent with ATF, I was a police officer for the Southfield Police Department and worked street investigations for two years. Prior to working for the Southfield Police Department, I worked at the Detroit Police Department (DPD) for eight years. I was a member of the DPD Special Response Team where we conducted high risk search warrants, dealt with barricaded gunman situations, and instructed various trainings to the entire Police Department.

3.     The statements contained in this affidavit are based, in part, on my review of written police reports by the Canton Police Department. This affidavit also includes information provided to me by and/or through other law enforcement agents, investigators and individuals with knowledge of this matter, my investigation, and the review of other documents.

4.     This affidavit does not include all of the information known to law enforcement regarding this investigation. This affidavit only establishes probable cause that Samuel Williams NELSON (B/M/DOB: XX/XX/1985) violated 18 U.S.C. §922(g)(1), felon in possession of a firearm.

## II.     PROBABLE CAUSE

5.     On January 8, 2021, Canton Police Officers were on routine patrol in a fully marked police car traveling around Ford and North Beck Road in Canton, Michigan, Eastern District of Michigan. Officers were dispatched for a suspected intoxicated driver in a tan Honda Accord with an Illinois license plate. The tan Honda was observed by an off-duty Southfield Police Officer driving erratically and having difficulty staying within the traffic lane.

6.     Lieutenant Andes of CPD located the tan Honda. The vehicle was stopped in the left-hand turn lane at Canton Center Street. The traffic signal was a green left turn arrow. Nevertheless, the driver sat through the light's entire cycle without turning left.

When the traffic light returned to green, the Honda drove straight, cutting over into the

through lanes. The driver did not turn left, as required, from the left turn lane.

7.      Lt. Andes executed a traffic stop for moving violations and suspicion of

operating a vehicle while under the influence (OUIL). Lt. Andes spoke with the driver,

Samuel Williams NELSON. NELSON had a paper copy of a temporary Michigan

Driver's License. While talking to NELSON, Lt. Andes observed glassy eyes, slow and

lethargic movements when retrieving his documents, and delayed speech when reacting

to questions asked. Lt. Andes' observations led him to suspect NELSON was under the

influence of alcohol or a controlled substance.

8.      Police Officer (PO) Porter arrived on the scene to assist Lt. Andes with the

traffic stop and to conduct an OUIL investigation. Once PO Porter completed his OUIL

investigation, NELSON was placed under arrest without incident for OUIL.

9.      An inventory search of NELSON's vehicle resulted in the seizure of a

firearm located underneath the front passenger seat. The firearm was not in a holster and

was loaded and cocked with one round in the chamber. The handgun was a black and

silver Walther, Model: P22, caliber .22 millimeter.

10.     Per LEIN (Law Enforcement Information Network) NELSON did not have a

valid concealed pistol license (CPL).

11.     Once at the police department, NELSON was advised of his Miranda Rights,

waived his rights, and agreed to answer questions. NELSON denied knowledge of the

3

pistol recovered from his vehicle and said he was a convicted felon and not allowed to own a pistol. NELSON then made the following statement "I'm the only one in the car right? The car is in my name right? The gun was found in my car right? I'm under arrest right?" Thereafter, he indicated he no longer wanted to talk.

12.    A computerized criminal history check was conducted for NELSON. NELSON has the following state felony conviction:  2003 – felony-controlled substance - possess (cocaine, heroin, or another narcotic) less than 25 grams.

13.    A federal Presentence Investigation Report revealed the following federal felony convictions for NELSON from 2011:

      a.    manufacture of marijuana and possession with intent to manufacture marijuana;

      b.    possessing a firearm in furtherance of a drug trafficking crime;

      c.    felon in possession of a firearm;

      d.    felon in possession of ammunition; and

      e.    possession of firearm with an obliterated serial number.

14.    Probable cause exists that NELSON was aware he was a felon because he was sentenced to ten years in prison for his federal cases. Further, NELSON was on active supervised release with the United States Probation Department, Eastern District of Michigan, on January 8, 2021.

4

15.     On March 5, 2021, Special Agent Michael Jacobs advised me, based on a

verbal description and without physically examining the firearm, that the firearm was

manufactured outside the state of Michigan and therefore had traveled through interstate

and/or foreign commerce.

### III.     CONCLUSION

16.     Based on the above information, probable cause exists to believe Samuel

Williams NELSON, knowing that he was previously convicted of a felony, was in

possession of the above described firearm, in violation of Title 18 U.S.C. § 922(g)(1).


_____
Kevin Rambus
Special Agent, ATF


Sworn to before me and signed in my presence
and/or by reliable means.

_____          March 10, 2021
HON. R. Steven Whalen
UNITED STATES MAGISTRATE JUDGE

5